JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Peter Wodarczyk

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Astor Weiss Kaplan & Mandel, LLP
200 S. Broad St., Suite 600
Philadelphia, PA 19102 (215) 893-4956

## DEFENDANTS
Soft Pretzel Franchise Systems, Inc. d/b/a Philly Pretzel Factory & Ted Fine

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical   Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | Liability / ☐ 368 Asbestos Personal   Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 340 Marine   Liability | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product   Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards   Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal / ☐ 380 Other Personal   Injury   Property Damage | ☐ 751 Family and Medical   Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | Med Malpractice   Product Liability | ☐ 791 Empl. Ret. Inc.   Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS**   **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff   or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate | **IMMIGRATION** | ☐ 871 IRS—Third Party   26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting   Sentence | ☐ 462 Naturalization Application | | |
| ☐ 240 Torts to Land | ☐ 442 Employment   **Habeas Corpus:** | ☐ 463 Habeas Corpus - | | |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ / ☐ 530 General | Alien Detainee | | |
| ☐ 290 All Other Real Property | Accommodations / ☐ 535 Death Penalty | (Prisoner Petition) | | |
| | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Employment / ☐ 550 Civil Rights | Actions | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | | | |
| | Other / ☐ 560 Civil Detainee - | | | |
| | ☐ 448 Education   Conditions of   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U. S. C. Section 501 et. seq.
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
07/10/2012

SIGNATURE OF ATTORNEY OF RECORD
*[signature]* John M. J.

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 290 Casey Cir., Huntingdon Valley, PA 19006

Address of Defendant: 736 Frankford Ave., Philadelphia, PA 19136

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☐

Does this case involve multidistrict litigation possibilities?     Yes☐   No☐

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
(Please specify) _Copyright_

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _William M. Mullineaux_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _7/10/12_     _____     _40964_
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/10/12_     _____     _40964_
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: __290 Casey Cir., Huntingdon Valley, PA 19006__

Address of Defendant: __736 Frankford Ave., Philadelphia, PA 19136__

Place of Accident, Incident or Transaction: _____
_(Use Reverse Side For Additional Space)_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) __Copyright__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __William M. Mullineaux__, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: __7/10/12__   _____   __40964__
                    Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: __7/10/12__   _____   __40964__
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Peter Wodarczyk

         :          CIVIL ACTION

         v.          :

Soft Pretzel Franchise Systems, Inc.

d/b/a Philly Pretzel Factory          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| | |
|---|---|
| July 10, 2012 | Peter Wodarczyk |
| **Date** | **Attorney-at-law**    **Attorney for** |
| (215) 893-4956 | (215) 790-0509    mmullineaux@astorweiss.com |
| **Telephone** | **FAX Number**    **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Peter Wodarczyk                                  : Civil Action No. _____
290 Casey Cir.                                   :
Huntingdon Valley, PA 19006                      :
                                                 :
                Plaintiff,                       :
                                                 :
        v.                                       :
                                                 :
Soft Pretzel Franchise Systems, Inc. d/b/a       :
Philly Pretzel Factory                           :
736 Frankford Ave.                               :
Philadelphia, PA 19136                           : JURY TRIAL  DEMANDED
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
Ted Fine                                         :
620 Cedar Lane,                                  :
Morton, PA 1907                                  :
                                                 :
                Defendants                       :

## Complaint for Copyright Infringement

Plaintiff, Peter Wodarczyk, by his attorneys, Astor, Weiss Kaplan & Mandel LLP

makes this Complaint of copyright infringement against Defendants Soft Pretzel

Franchise Systems, Inc.  d/b/a   Philly Pretzel Factory and Ted Fine as follows:

### Parties

1.      Plaintiff, Peter Wodarczyk, is an adult individual and a resident of the

Commonwealth of Pennsylvania and resides at 290 Casey Cir. Huntingdon Valley, PA

19006. He has worked as a self-employed photographer.

2.     Defendant, Soft Pretzel Franchise Systems, Inc. d/b/a Philly Pretzel Factory ("Philly Pretzel Factory") is, on information and belief, a corporation organized and existing under the laws of Pennsylvania and its principal place of business is at 736 Frankford Ave., Philadelphia, PA 19136.

3.     Defendant Ted Fine is a resident of the State of New Jersey and he also has a mailing address at 620 Cedar Lane, Morton, PA 1907 and he works at 736 Frankford Ave., Philadelphia, PA 19136, which is his principal place of business.

## Jurisdiction and Venue

4.     This Court has personal jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 because the claims in this action arise under the Copyright Law of the United States of America, 17 U.S.C. § 501 et seq.

5.     Venue in the Eastern District of Pennsylvania is proper pursuant to (a) 28 U.S.C. §1391(b) (2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district; and (b) 28 U.S.C. §1400(b) in that this is a civil action for copyright infringement and Defendants have committed acts of copyright infringement in this judicial district and have their principal places of business in this judicial district.

## Count I- Copyright Violation

6.     Mr. Wodarczyk is a professional photographer and is the owner of a copyright, title of work: Philly Soft Pretzel Factory Pictures of Ted. The Hero Campaign, Reg. # VA 1-0980240, effective date of registration September 28, 2011. (Referred to herein as "Copyrighted Hero Campaign Pictures") A copy of the Certificate of

Registration from the Copyright Office for the Copyrighted Hero Campaign Pictures is attached as Exhibit A.

7.     The Copyrighted Hero Campaign Pictures consist of a 145 photo shots taken by Mr. Wodarczyk on August 4, 2011.  Defendants use one of the Copyrighted Hero Campaign Pictures ("Protected Work") in commerce by placing it in stores, on signs, toll booths, newspapers, magazines, buses, and at least 52 billboards in violation of the Copyright Law of the United States of America, 17 U.S.C. § 501 et seq.

8.     Mr. Wodarczyk has the original Protected Work and it matches the pictures that Defendants put in stores, on signs, toll booths, newspapers, magazines, buses, and at least 52 billboards.

9.     Defendants admit that Mr. Wodarczyk created the Protected Work and that Defendants used the Protected Work in commerce.

10.     The Protected Work was the center piece to Defendants' massive marketing campaign called "Be The Hero." Copies of some of the pictures and billboards used by Defendants are attached as exhibits B to E. One picture has on it two billboards with the Protected Work. See, Exhibit B.

11.     Defendants reproduced the Protected Work as advertisement on numerous billboards, as posts and promotions on social networking sites, such as Facebook and Twitter, as part of Philly Pretzel Factory's homepage on its website, on posters at its retail outlets, and also on the sides of SEPTA buses in Philadelphia, Pennsylvania.

12.     Defendants were still using the Protected Work in commerce in March of 2012. Defendants knew that Mr. Wodarczyk created the Protected Work and that Mr. Wodarczyk owns the copyright covering the Protected Work.

13.     Defendants have told Mr. Wodarczyk that there is no contract between Mr. Wodarczyk and Defendants. Defendants' defense is that Mr. Wodarczyk provided the Protected Work to defendants for free.

14.     Defendant on its Website says it sells more than 100 million pretzels a year. Defendant sells pretzels to the public at 75 cents a pretzel or 2 for $ 1.25, indicating gross annual revenue of more than $50 million dollars.

15.     Defendants tell the public that Philly Pretzel Factory is a very fast growing company and that it has more than 100 franchisees in Pennsylvania, Delaware, Maryland, New Jersey, New York, North Carolina and Virginia. Defendants have not paid one dollar to Mr. Wodarczyk for massive use of the Protected Work. Defendant's reason is the frivolous position that the self-employed Mr. Wodarczyk donated his work for free to a high profile $ 50 million company.

16.     The Copyright Act, 17 U.S.C. § 204(a), provides that the initial owner of a copyright may transfer ownership only by written assignment:

A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

17. There is no written transfer signed by Mr. Wodarczyk transferring his ownership interest in the Protected Work.  As a matter of law, Defendants are liable to Mr. Wodarczyk.

18.     Under the Copyright Law of the United States of America, 17 U.S.C. § 501 et seq., Defendants are liable to pay Mr. Wodarczyk an amount equal to attorney's fees incurred in prosecuting this action.  This liability applies to all four counts in this Complaint.

WHEREFORE, Mr. Wodarczyk demands judgment against Defendants for actual or statutory damages on account of the acts of infringement plus attorney's fees and costs.

### Count II- Inducement to Infringe

19.     The averments above are incorporated herein by reference.

20.     At the direction of Defendants, franchisees of the Philly Pretzel Factory have used the Protected Work in commerce infringing on Plaintiff's Protected Work. Upon information and belief, the franchisees are separate legal entities, each with a separate place of business throughout seven states.

21.     Upon information and belief, more than 100 franchisees used the Protected Work in violation of the Copyright Law of the United States of America, 17 U.S.C. § 501 et seq. Although not currently parties in this case, Mr. Wodarczyk is entitled to actual or statutory damages against each one of the franchisees that used the Protected Work.

22.     Defendants induced the franchisees to infringe Mr. Wodarczyk's Protected Work. Among other things, Defendants provided the Protected Work to the franchisees, and upon information and belief, told the franchisees that they could use the Protected Work and instructed the franchisees on how to use the Protected Work.

23.     Because of Defendants' inducement of the franchisees to infringe the Protected Work, Defendants are liable for the sum of all actual or statutory damages under the Copyright Law attributed to each of the infringing franchisees of which there are more

than 100. Each franchisee is a separate "infringer" and damages can be awarded separately against each infringer.

WHEREFORE, Mr. Wodarczyk demands judgment against Defendants for actual or statutory damages on account of the acts of infringement by more than 100 separate entities, plus attorney's fees and costs.

## Count III- Willful Copyright Violation

24. The averments above are incorporated herein by reference.

25. Defendants' infringement is willful infringement under the Copyright Act and that Defendants are liable for enhanced damages for the willful infringement.

26. In late July, 2011, Mr. Wodarczyk was contacted by the Creative Director of Philly Soft Pretzel, Ted Fine. Mr. Fine requested Mr. Wodarczyk to take photographs for an image intended for use on one advertising billboard for one month.

27. Mr. Wodarczyk and Mr. Fine have had similar commercial dealings in the past, as Mr. Fine had previously hired Mr. Wodarczyk as a photographer for small projects and had paid him for his services. Mr. Wodarczyk, expecting to be compensated for his commercial services, agreed to take the photographs.

28. On August 4, 2011, Mr. Wodarczyk attended a photography session at 7368 Frankford Avenue, Philadelphia, PA, and took 145 photographs of Mr. Fine modeling in costume. After the photographs were taken, Mr. Fine downloaded the photographs from Mr. Wodarczyk's digital camera to Philly Pretzel Factory's computer. Mr. Fine viewed

the various photographs and decided on the Protected Work which is the one image that would be used in creating the advertisement.

29.  The Protected Work depicts a man dressed in a suit ripping open his jacket and dress shirt to reveal a shirt with Philly Pretzel Factory's logo.  This image reflects the "BE THE HERO" slogan and theme of the advertising and promotional campaign.

30.  While still at the photography session, Mr. Wodarczyk inquired about payment for his services and for use of his Protected Work. Mr. Fine stated for the first that Philly Pretzel Factory did not budget money for a photographer and that Mr. Wodarczyk would not be paid for his services or work.

31.  Mr. Wodarczyk left the photography session after voicing his protests.  While driving home, Mr. Wodarczyk again called Mr. Fine demanding payment for his work. Mr. Fine again refused.

32.  Defendants then used the Protected Work on at least 52 billboards and not the single billboard use Mr. Fine had previously represented to Mr. Wodarczyk.  Defendants did so with the knowledge that there was no agreement with Mr. Wodarczyk on the Protected Work and that Defendants did not have an assignment or license agreement permitting lawful use of the Protected Work.

33.  Defendants' use and continued use of the Protected Work constitutes a willful violation of the Copyright Law of the United States of America, 17 U.S.C. § 501 et seq. The willful violation increases the maximum statutory damages recoverable from any infringer to $150,000 per work. Mr. Wodarczyk has not yet declared whether he will elect actual damages or statutory damages.

34. Defendants are liable to Mr. Mr. Wodarczyk for actual or statutory damages on account of Defendants' use and continued use of the Protected Work and inducement of others to use the Protected Work, all in violation of the Copyright Law of the United States of America, 17 U.S.C. § 501 et seq.

WHEREFORE, Mr. Wodarczyk demands judgment against Defendants for actual or statutory damages on account of the acts of infringement by more than 100 separate entities, exceeding $150,000 plus attorney's fees and costs.

## Count IV- Injunction

35. Mr. Wodarczyk requests the Court to grant the equitable relief of an injunction to order Defendants to cease using the Protected Work.

WHEREFORE, Mr. Wodarczyk demands judgment against Defendants for an injunction to order Defendants to cease using the Protected Work plus attorney's fees and costs.

JURY TRIAL DEMANDED

ASTOR WEISS KAPLAN & MANDEL, LLP

BY: _____

**WILLIAM M. MULLINEAUX**
**Attorney for Plaintiff**
**200 South Broad Street**
**Suite 600, The Bellevue**
**Philadelphia, PA 19102**
**215-893-4956**
**Email address:**
**mmullineaux@astorweiss.com**

Exhibit "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
**VAu 1-087-240**

Effective date of
registration:
September 28, 2011

## Title

Title of Work: Philly Soft Pretzel Factory Pictures of Ted...The Hero Campaign

## Completion/Publication

Year of Completion: 2011

## Author

■  Author: Peter Wodarczyk

Author Created: photographs

Citizen of: United States          Domiciled in: United States

Year Born: 1975

## Copyright claimant

Copyright Claimant: Peter Wodarczyk

290 Casey Circle, Huntingdon Valley, PA, 19006

## Rights and Permissions

Name: Peter Wodarczyk

Email: pw1099@yahoo.com          Telephone: 215-696-0066

Address: 290 Casey Circle

Huntingdon Valley, PA 19006 United States

## Certification

Name: Peter Wodarczyk

Date: September 16, 2011

Correspondence: Yes

Exhibit "B"



You Can see two billboards in this shoot!

Exhibit "C"





Exhibit "D"



Exhibit "E"

