IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Peter Wodarczyk**, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  2:12-cv-3874 |
| | : | |
| v. | : | |
| | : | |
| **Soft Pretzel Franchise Systems, Inc.,** | : | |
| **d/b/a Philly Pretzel Factory; Ted Fine;** | : | |
| **Ron Heil; Gary Nolan** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                                                                         **September 30, 2013**

**I.      Introduction**

This case concerns a dispute over the ownership rights of a photograph used in a national marketing campaign for Soft Pretzel Franchise Systems, Inc., doing business as Philly Pretzel Factory (hereinafter, "Philly Pretzel").  Plaintiff, Peter Wodarczyk, filed this action against Defendants,[1] alleging various species of copyright infringement under 17 U.S.C. § 501 <u>et</u> <u>seq.</u> and seeking an injunction prohibiting Defendants from continuing to use the photograph in question.  Defendants filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (ECF 23).  For the following reasons, Defendants' Motion is DENIED.

**II.     Facts and Procedural History**

Plaintiff is a professional photographer.  Defendant Ted Fine is the Creative Director for Philly Pretzel.  Fine contacted Plaintiff to enlist his services to generate an image for Philly

---

[1] Defendants are Soft Pretzel Franchise Systems, d/b/a Philly Pretzel Factory (hereinafter, "Philly Pretzel"); Ron Heil and Gary Nolan, owners and operators of Philly Pretzel Factory retail stores; and Ted Fine, the Creative Director at Philly Pretzel.  Plaintiff also named "unidentified Pennsylvania franchisees" as defendants in this action.  Once these franchisees were identified in discovery, Plaintiff moved to amend his complaint to add them as named parties.  For the reasons set forth in a prior order, the court denied Plaintiff's Motion.  (ECF 45).

Pretzel's September 2011 promotional campaign, "Be The Hero." The concept of the campaign is a play on the iconic image of Clark Kent ripping open his shirt to reveal the red "S" emblem of his Superman costume. See, e.g., "The Secrets of Superman," Action Comics 171 (DC Comics Aug. 1952). Fine discussed this concept with Plaintiff, explaining that he wanted an image of a man ripping open his shirt to reveal a Philly Pretzel logo, instead of the "S" of the Superman costume. Fine Dep. at 23-24 (ECF 23-11). On August 4, 2011, Plaintiff met with Fine at the Philly Pretzel offices to conduct a photo shoot for the campaign. Using a digital camera, Plaintiff photographed Fine posing in a suit jacket, dress shirt, tie, and a T-shirt bearing the Philly Pretzel logo, as if he were ripping open his shirt like Superman, with the Philly Pretzel logo set as the focal point of the scene. Plaintiff Dep. at 138 (ECF 33-8). Plaintiff took 145 photographs, id. at 84, which Fine downloaded to his laptop computer at the conclusion of the shoot, Fine Dep. at 43 (ECF 23-11). After the shoot, Fine performed touch-ups and superimposed text on one of the photographs. Plaintiff Dep. at 103-04 (ECF 33-8). This image was incorporated into an advertisement for Philly Pretzel's September marketing campaign. Answer ¶ 10 (ECF 10).

The parties did not have a written agreement for Plaintiff's services. Prior to the shoot, they had not discussed ownership, licenses, rights, or releases related to the photographs. At the end of the shoot, Plaintiff inquired about compensation. Plaintiff Dep. at 79 (ECF 23-10). Fine told Plaintiff that he was not going to be paid for the shoot, asserting that they had previously discussed that Plaintiff could use Philly Pretzel as a professional reference in exchange for the photographs.[2] Fine Dep. at 44 (ECF 23-11). Plaintiff protested that he should be paid and then left the Philly Pretzel premises. On September 1, 2011, Plaintiff submitted an invoice to Philly

---

[2] Plaintiff disputes that this discussion ever took place. The Court finds this dispute immaterial.

Pretzel for $10,000. Defendants' SJ Motion Ex. J (ECF 23-11). On September 16, 2011, Plaintiff registered the 145 photographs taken at the shoot with the United States Copyright Office. Cert. of Copyright Reg. (ECF 33-6). Sometime in October 2011,[3] Plaintiff informed Philly Pretzel that he possessed registered copyrights for the photographs from the shoot and that any use of the photographs by Philly Pretzel would constitute copyright infringement.

On July 10, 2012, Plaintiff initiated this action. In his Amended Complaint, he alleges that the Defendants caused one of the photographs taken on August 4, 2011 to be placed on signs, toll booths, newspapers, magazines, buses, and at least 52 billboards without his authorization and in violation of his registered copyright of the image. Plaintiff brings claims of willful copyright infringement and inducement to infringe a copyright against Philly Pretzel and Ted Fine, as well as copyright infringement against Ron Heil and Gary Nolan. Plaintiff also seeks an injunction against all defendants prohibiting the continued use of the photograph. (ECF 6).

Defendants filed an Answer to Plaintiff's Amended Complaint on November 5, 2012, in which they asserted that Plaintiff had no ownership interest in the photographs taken on August 4, 2011 or the advertisement that resulted from the photographs. Defendants also took the position that no agreement regarding ownership of the photographs had ever been discussed between Plaintiff and Defendants. Specifically, paragraph 28 of the Amended Complaint alleged the following:

> In late July 2011, Mr. Wodarczyk was contacted by the Creative Director of Philly Soft Pretzel, Ted Fine. Mr. Fine requested Mr. Wodarczyk to take photographs for an image intended for use on one advertising billboard for one month.

---

[3] The exact date is in dispute. The Court finds this dispute immaterial.

Am. Complaint ¶ 28 (ECF 6). In their Answer, Defendants responded in a manner far beyond the allegation's scope, stating

> The Answering Defendants admit that the Plaintiff willingly and voluntarily, and without any demand for payment or compensation, allowed Mr. Fine to download the photographs taken by the Plaintiff into a computer owned by the Defendants. Prior to the downloading, there were no agreements, express or implied, between the Plaintiff and Defendants, as to an ownership or property interest in the photographs taken by the Plaintiff and downloaded by the Defendants, other than that the Defendants were taking the photographs for a marketing campaign, and that Plaintiff would be able to represent that the Defendants were a business reference/client on the Plaintiff's business website, for Plaintiff's personal financial gain and advancement.

Defendants' Answer ¶ 28 (ECF 10).

On June 29, 2013, after completion of discovery, Defendants filed a Motion for Summary Judgment, asserting for the first time that Defendant Ted Fine is a joint author of the photograph, along with Plaintiff, and therefore Defendants are unable to infringe Plaintiff's copyright as a matter of law. (ECF 23). This Court ordered supplemental briefing (ECF 38) and held argument on the Motion for Summary Judgment, including a variety of legal and factual issues raised by this case (ECF 43).

### III. Standard of Review

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id. Under Rule 56, the Court must view the facts and all reasonable inferences in the light most favorable to the

non-moving party. Id. at 255, 106 S. Ct. at 2513 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1608-09, 26 L. Ed. 2d 142 (1970)).

**IV.    Analysis**

Defendants' Motion suffers from several procedural defects and inconsistencies. Defendants' failure to adhere to proper procedures has hindered the Court's analysis.

    1.    Failure to Provide Statement of Undisputed Facts

As an initial matter, Defendants failed to include a Statement of Undisputed Facts with their Motion. This Court's pretrial procedures state that the "party filing a Motion for Summary Judgment shall include, preferably as a separate document, or, if short, within the Memorandum of Law, a 'Statement of Undisputed Facts,' which sets forth, in numbered paragraphs, all material facts that the moving party contends are undisputed, with record references." Judge Baylson's Pretrial and Trial Procedures – Civil Cases ¶ C.1, available at http://paed.uscourts.gov; see Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, the rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules.").

    2.    Summary Judgment Argument Is Inconsistent With Prior Pleadings

    (a)    Defendants' Motion is based exclusively on the argument that Ted Fine is a joint author of the photographs with Plaintiff. Joint authorship, of course, requires that both parties authored and own the work in question. 17 U.S.C. § 201. This argument necessarily acknowledges that Plaintiff is also an author of the photograph. Defendants' Answer, however, contradicts this position. Compare Answer ¶ 11 (ECF 10) ("Plaintiff has no ownership or copyright interest in either the photograph that he claims is his "Protected Work", or in any of the pictures used by Defendants in their marketing campaign."); id. ¶ 13 ("Plaintiff never had, nor does have, any property, ownership, or copyright interest in the photographs and signage

5

utilized by the Defendants in their marketing campaign, "Be The Hero.") with Defendants' SJ Motion ¶ 36 (ECF 23) ("Defendants contend . . . that both parties jointly own the photographs taken by the Plaintiff on August 4, 2011, as well as the photographic image utilized by the Defendants in their "Be The Hero" marketing campaign . . . .").

When the Court brought this inconsistency to counsels' attention at the argument on September 20, 2013, defense counsel replied that the pleadings were not inconsistent because Defendants' could always amend their Answer.  However, Defendants filed their Answer to the Amended Complaint on October 11, 2012.  (ECF 7).  Defendants filed their Motion for Summary Judgment on June 29, 2013.  (ECF 23).  Now, almost a year since filing their Answer, Defendants have made no attempt to amend it.  Defendants' protracted failure to cure this inconsistency is reason enough to bar consideration of their joint authorship theory.  See Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004) (noting the "well-settled rule that a party is bound by what it states in its pleadings" (quoting Soo Line R.R. v. St. Louis. Southwestern Ry., 125 F.3d 481, 483 (7th Cir. 1997))).

(b)    Defendants further contradicted their position at the September 20, 2013 argument.  After clarifying to the Court that Defendants' Motion is premised on a joint authorship theory, defense counsel asserted moments later that Plaintiff could not prevail on his infringement claims because Defendants have an implied nonexclusive license in the photograph. This theory was never raised in Defendants' Answer or Motion for Summary Judgment.  It is also irreconcilable with a theory of joint authorship.

3.    Record Citations Do Not Support Defendants' Contentions

The Court observed at the argument that some of the record citations in Defendants' Motion do not support the contentions for which they are offered.  For example, ¶ 152 of the

Motion asserts that it is undisputed that the photographs taken by the Plaintiff were a "collaboration." When asked at the September 20, 2013 argument what in the record supports this assertion, defense counsel referenced Plaintiff's deposition at 167. (ECF 23-10). This excerpt of the deposition, however, indicates that the Plaintiff and Ted Fine worked together on choosing the T-shirt to be worn in the shoot, not that they collaborated in taking the photograph.

      4.      Defendants' Motion Generally Lacks Specific References to the Record.

At various points, Defendants assert in their Motion that certain factual matters are undisputed. The Motion's only citation to support these contentions is a general reference to Defendants' expert report. See, e.g., Defendants' SJ Motion ¶¶ 152, 153 (ECF 23). The expert report referenced in Defendants' Motion relies on other portions of the record and adds only legal conclusions to these more directly relevant record citations. This method of referencing the record is inappropriate for the reasons discussed below. In other instances, Defendants' Motion asserts certain factual matters are undisputed without any reference to the record at all. See, e.g., Defendant's SJ Motion ¶¶ 149, 151. As the moving party on summary judgment, it is Defendants' burden to identify evidence in the record that shows there are no genuine issues of material fact. Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute."); cf. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

      5.      Defendants' Expert Report Does Not Conform to the Federal Rules

Defendants' Motion relies heavily on the expert report of Professor Shayamkrishna Balganesh. The Third Circuit has construed former Fed. R. Civ. P. 56(e), now codified at Fed.

R. Civ. P. 56(c)(4) after the 2010 Amendments, to require that expert reports be sworn. Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co., 868 F.2d 59, 67 (3d Cir. 1989) ("The substance of this report was not sworn by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment."). As in Fowle, Defendants' expert report is not sworn. The Court therefore cannot consider it on a motion for summary judgment.

    6.  Defendants' Expert Report Is Unhelpful in View of Factual Disputes in Record

After reviewing the expert report, it is clear to the Court that Defendants' proffered expert offers no expertise on photography or photographic editing. The report is filled with legal conclusions based on citations to facts in the record. It is essentially a legal brief. Although the evidence presented in this case requires determinations of factual disputes. The Court has significant doubts that the report would offer a jury any help in understanding the evidence in the record or in determining a fact issue. See Fed. R. Evid. 702(a). Unless the report will offer help to a jury, it would not be admissible at trial and therefore cannot be considered at summary judgment. See Pamintuan v. Naticoke Memorial Hosp., 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is improper to consider summary judgment evidence that cannot be presented in an admissible fashion at trial); Int'l Market Brands v. Martin Int'l Corp., 882 F. Supp. 2d 809, 817 (W.D. Pa. 2012) (deeming expert testimony regarding the similarity of owner and infringer's mark inadmissible under Rule 702 because it did not assist trier of fact in drawing such a common sense conclusion).

The Court is mindful of the Third Circuit's admonition that evidence should not be excluded at summary judgment on hypertechnical grounds. Fowle, 868 F.2d at 67. The expert report's failure to be sworn and nonconformance with Fed. R. Evid. 702 are substantive defects.

B.      Disputed Facts

Moreover, Defendants have failed to identify any evidence in the record that shows that the material facts in this case are undisputed. Defendants present no undisputed evidence that the parties intended to collaborate, no undisputed evidence that the parties intended to be regarded as joint authors, and no undisputed evidence that Ted Fine contributed the level of creative input that warrants joint authorship. Plaintiff contests all these material points, as indicated in his Amended Response in Opposition to Defendants' Motion (ECF 33) by reference to his copyright registration (ECF 33-6), his deposition (ECF 33-8), his sworn declaration (ECF 33-9), and Ted Fine's deposition (ECF 33-10). Accordingly, Defendants are unable to show that there is no genuine issue of material fact. This also compels the denial of the Motion.

*       *       *

For the reasons stated, Defendants' Motion for Summary Judgment is DENIED. An appropriate Order follows.

O:\CIVIL 12\12-3874 wodarczyk v. soft pretzel\12-cv3874 MemoLawDenying SJ - 9.30.13.docx