IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Peter Wodarczyk | : | |
| 290 Casey Cir. | : | Civil Action No. 2:12-cv-3874 |
| Huntingdon Valley, PA 19006 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Soft Pretzel Franchise Systems, Inc. d/b/a | : | |
| Philly Pretzel Factory, et al. | : | |
| 736 Frankford Ave. | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Defendants | : | |

# Plaintiff's Brief in Support of Motion and Application for Award of Attorney's Fees

### I. INTRODUCTION- An award of fees is important given the economic reality of counsel for a plaintiff taking on this type of case.

Plaintiff requests an award of attorney's fees of $ 114,716.25 under the Copyright Act. The jury returned a verdict in his favor and the Court entered judgment of $40,000 in favor of Plaintiff and against Defendants for infringement of copyright.

An award of fees is important is the "Information Age" in a case where an individual asserts his intellectual property right against a significant sized company. The economic reality of counsel for a plaintiff taking on a case like this is the attorney accepts the case without any advance retainer or an hourly fee agreement. They rely on an award of attorneys' fees by the Court for their fee, *if successful*.

For parties like Mr. Wodarczyk to have available counsel to handle a case like this, substantial attorney's fees should be awarded- especially after prevailing before a

1

jury. If the case is unsuccessful, the attorneys will have done all the work for no compensation. The requested fee here will just result in a break even.

## II. Under the Fee-Shifting Provision of the Copyright Act, the Court should award Plaintiff Attorneys Fees.

The Copyright Act allows for the shifting of fees from one party to another. "The court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Copyright Act § 101, 17 U.S.C. § 505. Thus, to recover attorneys' fees under the Copyright Act, a party must be considered "prevailing," which means success on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Because of the jury verdict and entry of judgment in the amount of $40,000 in favor of Plaintiff and Defendants, Plaintiff is a prevailing party.

Whether to grant a fee request is a discretionary decision left to the district courts. *Am. Bd. of Internal Med. v. Muller*, 2013 U.S. App. LEXIS 18941 at 8 (3d. Cir. 2013); *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d Cir 1986). In exercising its discretion to decide whether to award attorneys' fees, district courts are to consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb, supra,* 788 F.2d at 156. The Third Circuit said the District Court is not limited to just those factors and the Court is not usurping that "broad area which Congress has reserved for the district judge." *Id*.

The circumstances here indicate an award of fees. Plaintiff prevailed in a challenging case where there was sworn testimony that Plaintiff agreed to take the pictures to build up his resume and understood that he would receive no compensation. Defendants asserted that the jury should limit Plaintiff's recovery to $10,000 because of an invoice sent by Plaintiff.

Plaintiff did not take frivolous or unreasonable positions; his motivation is to pursue compensation for Defendant's using his copywrited picture and to stop the continuing infringing use by Defendants. On the other hand, Defendants motivation is to disregard Plaintiff's rights as Defendants promised to stop using the image by the end of September 2011 and Defendants kept using the image through November and December 2013, including during all three days of trial in December 2013.

The factors of compensation and deterrence indicate an award. Obtaining a jury verdict of willful infringement should result in a fee award both to compensate counsel for Plaintiff and deter future willful conduct. The court should also consider that Plaintiff had to pursue this case with Defendants not following Court rules and frequently changing their defense with inconsistent positions.

Mr. Wodarczyk had to file two motions to compel production of information and documents in discovery. (ECF 16, 18)

The Defendants' ever changing story started with the Defendants' Answer alleging Plaintiff *does not own* the Copyrighted Photographs and the Defendants **denying the existence of agreements expressed or implied.** Answer to Amended Complaint Para. 11, 28 and 29; Affirmative Defenses 14, 16, 19. (ECF 10). In an unsuccessful motion for summary judgment, Defendant alleged for the first time that Plaintiff and Defendant Ted

Fine are "joint authors" of the Copyrighted Photographs. (ECF 23). Neither the Answer nor the summary judgment motion alleged an "implied non-exclusive license." (ECF 23). Then, Defendants' proposed amended answer alleged that Plaintiff really is the owner of the copyright but that Plaintiff "gave Defendants **an implied non-exclusive licens**e to the photographs in the Defendants' advertising campaign…" Proposed Amended Answer Para. 28 and 29. (ECF 49-6) The motion to amend was made close to trial and it was denied.

The Defendants' unsuccessful motion for summary judgment on liability was based on an expert report of Shyamkrishna Balganesh which really was a legal brief. Shyamkrishna Balganesh held himself out as having expertise on copyright law; he had no claim for expertise in photography or the business of photography, he was just a legal expert. (ECF 23-7 at p. 46 of 66). Plaintiff *eventually* learned that Shyamkrishna Balganesh is *no*t licensed to practice law in any jurisdiction. (ECF 50-3). Plaintiff filed a motion to exclude expert testimony of the unqualified "expert" (ECF 50) and Defendants' response was to write a letter to the Court stating that they would not call Shyamkrishna Balganesh as a trial expert. (ECF 55)

Infringing parties should be deterred from withholding discoverable evidence, from changing the story throughout the case, and from submitting a motion for summary judgment based on a report from an unqualified expert.

Plaintiff's counsel made the strategic decision to elect statutory damages over actual damages. That choice allowed counsel to argue to the jury that Plaintiff could recover up to $150,000 as statutory damages. The strategy maximized damages and avoided attorneys' time spent on factual discovery on damages and time spent working with an expert on damages, for all parties in the case. The strategy also avoided the expense of expert's fees on damages- again for both Plaintiff and Defendants.

The circumstances favor an award of attorney's fees.

**III. Determination of Reasonable Lodestar Figure**

Once it has been decided that an award of counsel fees is warranted, a court should determine what amount is reasonable "lodestar figure." For the 'lodestar' figure, the starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Gisbrecht v. Barnhart,* 535 U.S. 789, 801 (2002). Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

A court will "'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary.'" *Am. Bd. of Internal Med, supra,* at 8-9.

A District Court should lay out a quantitative basis if it finds time that was inadequately documented, excessive, or redundant. The "essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id.* at 10-12

The Court may make adjustments based on its assessment of the *Lieb* factors of complexity, litigation costs, financial circumstances, damages, and motive. *Id.* at 12 citing *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d Cir 1986). The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party. *Interfaith Community Organization v. Honeywell*, 426 F.3d 694, 711 (3d Cir. 2005).

The Legal Bill attached as Exhibit 1 states in detail the specific acts that were billed and the time spent on each act. Plaintiff suggests the rates are in line with the prevailing rates in Philadelphia for intellectual property litigation. In a case of willful

infringement this should be a straight forward award of submitted fees with a lodestar of $114,716.25.

The Court may consider as one factor that the verdict was $40,000 and the fees are $114,716.25. The damage amount is **not** used as part "*of some ratio* that the court ought to maintain between damages and counsel fees." *Washington v. Phila. Cnty. Ct. of Common Pleas,* 89 F.3d 1031, 1041-42 (3d Cir. 1996) (Emphasis added). Under the circumstances of this case, no reduction is appropriate.

As set forth in detail above, Plaintiff's counsel spent extra time dealing with two motions to compel discovery, Defendants' ever changing story and defenses, Defendants' motion to amend the answer close to trial, and Defendants' unsuccessful motion for summary judgment based on an unqualified "expert."

Mr. Mullineaux recorded 90% of the time on this case and he billed at $390 and $400 an hour in 2012 and 2013. Attached as Exhibit 2 is a copy of an article, entitled BigLaw Chases IP Boutiques In Search For Dollars by Andrew Strickler in Law360, dated November 22, 2013, in **Law360**, a LexisNexis Company, found on-line at http://www.law360.com/articles/491030/biglaw-chases-ip-boutiques-in-search-for-dollars, reporting that "IP litigation partners bill a median hourly rate of $528.46, according to TyMetrix's 2013 Real Rate Report Snapshot, compared with a median of $494 across all practice areas."

Attached is a copy of an article, entitled When It Comes to Billing, Latest Rate Report Shows the Rich Keep Getting Richer by Sara Randazzo in AmLaw Daily dated April 4, 2012, found on-line at http://amlawdaily.typepad.com/amlawdaily/2012/04/report-rates-keep-rising.html. In that article it was reported that "Baltimore, Houston, *Philadelphia*, and San Jose are [included

in] the ten U.S. markets with the highest hourly rates. With an average partner rate topping $700 per hour and average associate rate of more than $450 per hour…" *See* Exhibit 3.

Attached is a page from the American Intellectual Property Law Association (AIPLA) Report of Economic Survey 2011. The AIPLA Report shows that for Litigation for Copyright Infringement for 2011 for cases with a value of less than $1 million *in Philadelphia*, the average (mean) total litigation costs through the end of the case is $415,000 and the average (median) cost is $500,000. Nationwide the averages are $384,000 and $350,000. *See* Exhibit 4

The AIPLA Report of Economic Survey 2013 shows that for Litigation for Copyright Infringement for 2013 for cases with a value of less than $1 million, the national average (mean) total litigation costs through the end of the case is $373,000 and the average (median) cost is $300,000. AIPLA in 2013 did not report on Philadelphia averages for these types of cases. *See* Exhibit 5.

With plaintiffs' counsel undertaking risks, there is a tension between the need to do enough to win, but not to waste time. When Counsel prevails in a jury case like this- with only one trial attorney- and with a fee of $114,716.25 (compared to the averages of up to $500,000), it is suggested that no downward adjustment is appropriate.

Given the fact that the rates for this case are below the market rates in Philadelphia for Intellectual Property litigation, it is anticipated that there will be no issue on the rates. The court may only reduce an award in response to specific objections made by the opposing party. *Interfaith Community Organization v. Honeywell*, 426 F.3d 694, 711 (3d Cir. 2005). If Defendants produce evidence on rates that indicate lower rates

than those submitted in this application, Plaintiff reserves the right to submit additional evidence on market rates in Philadelphia for Intellectual Property litigation.

## IV. Conclusion

The Court should enter an order in favor of Plaintiff and against Defendants awarding attorney's fees through trial in the amount of $114,716.2.

**ASTOR WEISS KAPLAN & MANDEL, LLP**

**BY*:*___/wmm/_____**
**WILLIAM M. MULLINEAUX**
**Attorney for Plaintiff**
**200 South Broad Street**
**Suite 600, The Bellevue**
**Philadelphia, PA 19102**

# CERTIFICATE OF SERVICE

I, **William M. Mullineaux, Esquire**, hereby certify that on December 12, 2013, the Plaintiff's Motion and Application for Award of Attorney's Fees and foregoing Brief in support thereof were filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice of the filing upon all counsel of record, including:

> **Kevin L. Connors, Esquire**
> **Connors Law**
> **140 S. Village Avenue**
> **Suite 120**
> **Exton, PA 19341**

> **ASTOR WEISS KAPLAN & MANDEL, LLP**
>
> **BY:** ___/wmm/_____
> **WILLIAM M. MULLINEAUX Attorney for Plaintiff**
> **200 South Broad Street**
> **Suite 600, The Bellevue**
> **Philadelphia, PA 19102**