## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER WODARCZYK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SOFT PRETZEL FRANCHISE** | : | |
| **SYSTEMS, INC., et al.** | : | **NO. 12-cv-3874** |

## CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendants on July 10, 2012.

Judgment was entered in favor of plaintiff and against defendants Soft Pretzel

Franchise Systems, Inc. and Ted Fine on December 6, 2013.

Plaintiff filed his bill of costs on January 28, 2014.

On April 7, 2014, the Clerk directed a letter to Kevin L. Connors, Esquire, counsel for

defendants, requesting that he file objections to the bill of costs, if he had any, within

fourteen days. The Clerk notes that Local Rule of Civil Procedure 5.1(b) requires all counsel

to provide the Clerk with an address for purposes of notice and service; accordingly, the

aforesaid letter requesting objections was mailed to counsel for defendants, at his provided

address, which constitutes proper and valid service upon him (pursuant to Federal Rule of

Civil Procedure 5(b)(2)(C)).

The Clerk notes that defendants have not filed any objections to the bill of costs at any

time.

In his bill of costs, plaintiff seeks costs incurred before this district court in the amount

of $4,512.10 and no appellate costs.[1]

It is well-established that district court costs may not be imposed in federal district

courts except where they are authorized by either a statute or a rule of court.[2] For the

purposes of this taxation opinion,[3] federal district court costs are governed by Federal Rule of

1

Civil Procedure 54(d).[4] The text of Federal Rule of Civil Procedure 54(d) is divided into two sections:

* Federal Rule of Civil Procedure 54(d)(2), which by its own terms governs *"Attorney's Fees(;)"*

   and

* Federal Rule of Civil Procedure 54(d)(1), which by its own terms governs *"(District Court) Costs Other Than Attorney's Fees."*

All of those "(District Court) Costs Other Than Attorney's Fees" made taxable by Federal Rule of Civil Procedure 54(d)(1) are listed in 28 U.S.C. §1920,[5] and the Clerk[6] has authority to tax those types of district court costs which are listed in 28 U.S.C. §1920 in favor of the prevailing party or parties, and against the non-prevailing party or parties.[7] (Federal Rule of Civil Procedure 54(d)(1) costs may be assessed by the Clerk even when attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) are disallowed by the presiding judge[8]).

Those items of district court costs taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

"(1) Fees of the clerk or marshal;

"(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

"(5) Docket fees under (28 U.S.C. §1923); (and)

"(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)."

Accordingly, for the purposes of this taxation opinion, the Clerk may only tax those

2

district court costs which are listed in 28 U.S.C. §1920.[9]  Normally, the Clerk will tailor his taxation of costs opinion around the items requested and the actual objections raised by the losing party or parties, and will not raise issues *sua sponte*; however, as stated previously, since the Clerk's power is strictly limited by 28 U.S.C. §1920, a necessary corollary is that if a requested item is never authorized by 28 U.S.C. §1920 under any circumstances, the Clerk may not tax that item as a 28 U.S.C. §1920 cost, even where the losing party or parties have not raised any objections to the item or items in question.[10]

Congress has provided for the assessment of attorney fees by means of Federal Rule of Civil Procedure 54(d)(2); as they are not specifically listed in 28 U.S.C. §1920, attorney fees are clearly not taxable pursuant to Federal Rule of Civil Procedure 54(d)(1).[11]  Pursuant to the language of Federal Rule of Civil Procedure 54(d) itself, attorney fees are only recoverable from the presiding judge pursuant to Federal Rule of Civil Procedure 54(d)(2), and not from the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1).  An award or disallowance of attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) is totally separate and distinct from an award of statutory costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[12]  The rationale supporting this standard is that unlike attorney fees, an assessment of 28 U.S.C. §1920 costs is considered to be purely ministerial, and is not considered to be punitive toward the non-prevailing party, but merely as reimbursement to the prevailing party for their costs in bringing a successful civil action [13] (whereas an assessment of attorney fees *is* considered to be punitive [14]).

In addition, those litigation costs which are more closely associated with the routine overhead of running a law firm than with the types of district court costs listed in 28 U.S.C. §1920 are not taxable by pursuant to Federal Rule of Civil Procedure 54(d)(1), as they are seen as analogous to attorney fees.[15]

3

By this standard, costs which are not, even arguably, among those types of district court costs listed in 28 U.S.C. §1920, include costs related to legal research[16] and costs of PACER service.

These costs are therefore prohibited in a Clerk's Taxation of Costs, and we accordingly disallow plaintiff's request for costs for access to Pacer and legal research expenditures in the amount of $334.80.

Since the remaining items of district court costs sought by plaintiff are all, at least arguably, of those types of costs listed in 28 U.S.C. §1920, they are **not** considered to be attorney's fees,[17] and they are **also**, at least arguably, taxable by the Clerk of this Court.[18]

We note that Federal Rule of Civil Procedure 54(d)(1) directs that "(district court) costs -other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920[19]) "**should** be allowed to the prevailing party (emphasis added)." This language is evidence of "specific intent"[20] on the part of Congress that there should be a heavy presumption[21] that "the 'prevailing party' **automatically** is entitled to costs"[22] as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[23] The rationale supporting this heavy presumption is that unlike attorney fees, an assessment of 28 U.S.C. §1920 costs is considered to be purely ministerial, and is not considered to be punitive toward the non-prevailing party or parties, but merely as reimbursement to the prevailing party or parties for their costs in bringing or pursuing a successful civil action[24] (whereas an assessment of attorney fees **is** considered to be punitive[25]). A consequence of this heavy presumption is that the non-prevailing party or parties bear the burden of proof, and must overcome the aforesaid heavy presumption in favor of the taxing of district court costs against that non-prevailing party or parties.[26] Because of this heavy presumption, it is considered punitive towards the prevailing party or

4

parties to deny to that prevailing party or parties district court costs which are ordinarily automatically taxed under 28 U.S.C. §1920,[27] and it is not necessary for the prevailing party or parties to argue that the non-prevailing party or parties did something that was wrong or inappropriate.[28]

As a further result of the aforesaid heavy presumption, in the event taxable district court costs are denied to the prevailing party or parties, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party or parties leads the Clerk to deny to that prevailing party or parties otherwise allowable costs.[29] Because of this heavy presumption, there is a recurring theme in caselaw concerning taxation of costs that the prevailing party or parties may recover those types of district court costs listed in 28 U.S.C. §1920 that were reasonably necessary for his effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which district court costs are sought were actually used.[30] This is especially true in cases such as the instant matter where the bill of costs is accompanied by an affidavit from counsel for the prevailing party or parties, filed pursuant to 28 U.S.C. §1924, stating, under penalty of perjury, that the costs are correct and were both actually and necessarily incurred. The existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether requested costs are allowable.[31]

*As the United States Court of Appeals for the Third Circuit appropriately noted in 2010, it is for precisely these reasons that counsel should always advise each client, that in the event that their litigation is unsuccessful, that there is a risk of taxation of district court costs against that client pursuant to 28 U.S.C. §1920.[32]*

Since the remaining district court costs sought by plaintiff are all, at least arguably, of those types of district court costs listed in the taxation statute, 28 U.S.C. §1920, we are of the

view that defendants bear the burden of proof in this matter.

We must note once more that defendants have declined the opportunity to object to the taxing of these district court costs against them.

Turning now to the substance of the bill of costs, we will first address plaintiff's request for fees of the Clerk in the amount of $350.00.

We note that the relevant statute, 28 U.S.C. §1920(1) directs the taxing of fees of the Clerk.[33] We note that costs related to both fees of a state clerk and costs for removal to federal court are recoverable in federal court pursuant to 28 USC §1920(1).[34]

As stated previously, there is a heavy presumption[35] in favor of **_"automatically"_**[36] taxing those types of costs listed in 28 U.S.C. §1920[37] which the prevailing party both **_actually incurred_** (as evidenced by a sworn affidavit)[38] and **_necessarily incurred_** ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[39]

Considering this definition of the word "necessarily," we are of the view that it was "necessary" for plaintiff to incur these costs. We are accordingly of the view that defendants have not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against them (and we must note once more that defendants have declined the opportunity to object to the taxing of these costs against them).

These district court costs are accordingly taxed in favor of plaintiff and against defendants in the full requested amount of $350.00.

We will next address plaintiff's request for fees of the Marshal in the amount of $14.25.

6

We note that the relevant statute, 28 U.S.C. §1920(1) directs the taxing of fees of the Marshal, which includes the costs of service of process, including subpoena service.[40] Federal courts interpret this provision of 28 U.S.C. §1920(1) as permitting the taxing of costs for both governmental process servers and private process servers.[41] Federal courts also interpret this provision of 28 U.S.C. §1920(1) as permitting the taxing of costs for a process server's mileage in connection with that service.[42] It is irrelevant to the taxing of costs whether the non-prevailing party offered to waive service, or whether the prevailing party did or did not request a waiver of service pursuant to Federal Rule of Civil Procedure 4.[43]

As stated previously, there is a heavy presumption[44] in favor of *"automatically"*[45] taxing those types of costs listed in 28 U.S.C. §1920[46] which the prevailing party both *actually incurred* (as evidenced by a sworn affidavit)[47] and *necessarily incurred* ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[48]

Considering this definition of the word "necessarily," we are of the view that it was "necessary" for plaintiff to incur these costs. We are accordingly of the view that defendants have not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against them (and we must note once more that defendants have declined the opportunity to object to the taxing of these costs against them).

These costs are accordingly taxed in favor of plaintiff and against defendants in the full requested amount of $14.25.

7

We will next address plaintiff's request for costs of transcripts in the amount of $1,199.25.

We note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for "transcripts necessarily obtained for use in the case." This provision governing "transcripts" applies to deposition transcripts.[49] Modern caselaw states that both stenographic depositions and videotaped depositions are considered "transcripts" for purposes of 28 U.S.C. §1920(2).[50] By this standard, a prevailing party may also recover costs associated with the playback of videotaped depositions.[51]

The Clerk also notes that deposition costs are taxable for the depositions of both fact witnesses and expert witnesses.[52]

This provision governing "transcripts" also applies to trial transcripts,[53] transcripts of hearings and other pre-trial proceedings,[54] and transcripts of extra-judicial, non-judicial, or other out-of-court proceedings or conferences, and allows for their taxation.[55]

As stated previously, there is a heavy presumption[56] in favor of ***"automatically"***[57] taxing those types of costs listed in 28 U.S.C. §1920[58] which the prevailing party both ***actually incurred*** (as evidenced by a sworn affidavit)[59] and ***necessarily incurred*** ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[60]

Examples of situations where transcripts are seen as necessary for a party's effective preparation, even where they were not used, ***include, but are not limited to***, situations involving deponents who ultimately do not testify at a trial;[61] situations involving deponents who ultimately are not permitted by the court to testify at a trial;[62] and situations

8

where transcripts were necessary to support, or to oppose, pre-trial motions[63] and/or post-trial motions[64] (including motions seeking the entry of summary judgment,[65] and/or motions seeking the entry of a default judgment[66] and/or motions seeking the entry of a judgment NOV[67]).

Considering the aforesaid definition of the word "necessarily," we are of the view that it was "necessary" for plaintiff to obtain these transcripts (judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[68] We are of the view that defendants have not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against them (and we must note once more that defendants have declined the opportunity to object to the taxing of these costs against them).

These costs are accordingly taxed in favor of plaintiff and against defendants in the full requested amount of $1,199.25.

We will next address plaintiff's request for costs of copying in the amount of $2,613.80.

We note that the relevant statute, 28 U.S.C. §1920(4) directs the taxing of "fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case(.)" The United States Court of Appeals for the Third Circuit spoke on 28 U.S.C. §1920(4) in Race Tires America, Inc. v. Hoosier Racing Tire Corp., 2012 WL 887593 (3d Cir. March 16, 2012).

Citing Webster's Third International Dictionary 504 (3d edition 1993) as authority, the Race Tires America court noted that the word "copy" means *"an imitation, transcript or reproduction of an original work."*

The Race Tires America court applied this dictionary definition to conclude that for

9

purposes of 28 U.S.C. §1920(4), *__the word "copying" means the "scanning,"__*

*__"conversion" or "reproduction" of an "original" item of "evidence" so as to create a__*

*__"duplicate" copy of that "evidence."__* The Race Tires America court also applied this

dictionary definition to conclude that *__the word "copying" also means the "scanning,"__*

*__"conversion" or "reproduction" of an "original" "transcript," so as to create a__*

*__"duplicate" copy of that "transcript."__*

Based on this definition, we are of the view that the creation of such a duplicate

copy of original records,[69] or a duplicate copy of other original documents produced in

discovery,[70] as well as the costs of a subpoena duces tecum (also known as a records

subpoena or a records deposition)[71] are taxable costs pursuant to 28 U.S.C. §1920(4).

The Race Tires America court also found that the creation of "digital duplicates" of

original evidence are also, at least arguably, taxable pursuant to 28 U.S.C. §1920(4).[72]

As stated previously, there is a heavy presumption[73] in favor of *__"automatically"__*[74]

taxing those types of costs listed in 28 U.S.C. §1920[75] which the prevailing party both

*__actually incurred__* (as evidenced by a sworn affidavit)[76] and *__necessarily incurred__*

("necessarily" meaning that the costs were reasonably incurred for the prevailing party's

effective preparation, judged in light of the situation existing when the costs in question

were actually incurred, without regard to whether the costs relate to items which were

actually used).[77]

This Clerk concludes that situations where costs of duplicate copies of original

evidence are seen as "necessary" pursuant to 28 U.S.C. §1920(4) (even where the

duplicate copies in question were not used) *__include, but are not limited to__*, situations

where such exact duplicate copies of original evidence are attached to any deposition

transcript,[78] and/or situations where such duplicate copies of original evidence are attached

to any pleading[79] and/or situations where such duplicate copies of original evidence are attached to any motion[80] (including a motion for summary judgment).[81]

Considering the aforesaid definition of the word "necessarily," we are of the view that it was "necessary" for plaintiff to incur these costs. We are accordingly of the view that defendants have not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against them (and we must note once more that defendants have declined the opportunity to object to the taxing of these costs against them).

These costs are accordingly taxed in favor of plaintiff and against defendants in the full requested amount of $2,613.80.

In summary, district court costs are taxed in favor of plaintiff and against defendants Soft Pretzel Franchise Systems, Inc. and Ted Fine as follows:

| Fees of the Clerk: | $ | 350.00 |
|---|---|---|
| Marshal's Fees: | $ | 14.25 |
| Transcript Costs: | | $ 1,199.25 |
| Copying Costs: | | $ 2,613.80 |
| TOTAL: | | $ 4,177.30 |

May 1, 2014
Date

MICHAEL E. KUNZ
CLERK OF COURT

1.Under circumstances not relevant here, the clerk of the district court may tax certain specific, narrowly defined appellate court costs at the express direction of the clerk of the appellate court, pursuant to the express language of Federal Rule of Appellate Procedure 39. This taxation opinion shall not address the issue of these types of costs.

Under circumstances not relevant here, the clerk of the district court may tax certain specific, narrowly defined costs incurred before the United States Supreme Court at the express direction of the Clerk of the Supreme Court, pursuant to the express language of Rule 43 of the Rules of the Supreme Court. This taxation opinion shall not address the issue of these types of costs.

2.Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).

3.Under circumstances not relevant here, certain types of district court costs are taxable pursuant to Federal Rule of Civil Procedure 68. Rule 68 deals with certain specific and narrow factual situations where certain types of district court costs are taxable *only* by the presiding district court judge, and not by the Clerk. A quick reading of Rule 68 will indicate that it is plainly, on its face, not applicable to the instant situation. Therefore, this taxation opinion shall not address the issue of these types of costs.

4.Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).

5.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007).

6.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); McKenna v. City of Philadelphia, 582 F.3d 447 (3d Cir. 2009).

7.Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, 102 F.R.D. 959 (E.D. Pa. 1984).

8.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998).

9.Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Perry v. Metro Suburban Bus Authority; 236 F.R.D. 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

10.Northbrook Excess and Surplus Insurance Co. v. Procter & Gamble Co., 924 F.2d 633 (7th Cir. 1991).

11.Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Management, 491 F.3d 266 (5th Cir. 2007); Perry v. Metro Suburban Bus Authority; 236 F.R.D. 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); US v. Bedford Associates, 548 F.Supp. 748 (SDNY 1982).

12.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007).

13.Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Accord, In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

14.Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967).

15.Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). See, also, Harkins v. Riverboat Services, 286 F. Supp. 2d 976 (ND Ill. 2003), aff'd, 385 F.3d 1099 (7th Cir. 2004); and In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

16.Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); See, also, Gary Brown and Associates v. Ashdon, Inc., 268 Fed.Appx. 837 (11th Cir. 2008); Duckworth v. Whisenant, 97 F.3d 1393 (11th Cir. 1993); Avirgan v. Hull, 705 F.Supp. 1544 (SD Fla 1989), aff'd, 932 F.2d 1572 (11th Cir. 1991); Sun Media Systems, Inc. v. KDSM, LLC, 587 F.Supp. 2d 1059 (S.D. Iowa 2008); DiBella v. Hopkins, 407 F.Supp.2d 537 (SDNY 2005); Yasui v. Maui Electric Co., 78 F.Supp.2d 1124 (D. Hawaii 1999); Royal Palace Hotel Associates v. International Resort Classics, 178 FRD 595 (MD Fl. 1998); Corsair Asset Management, Inc. v. Moskovitz, 142 FRD 347 (ND Ga 1992); Aloha Towers Associates v. Millenium Aloha, Inc., 938 F. Supp. 646 (D. Hawaii 1996); U.S. v. Bedford Associates, 548 F.Supp. 748, 753 (S.D.N.Y. 1982).


17.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Management, 491 F.3d 266 (5th Cir. 2007); Perry v. Metro Suburban Bus Authority; 236 F.R.D. 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); US v. Bedford Associates, 548 F.Supp. 748 (SDNY 1982).

18.Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Accord, Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

19.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).

20.Delta Air Lines, Inc. v. August, 450 U.S. 346, 353 (1981).

21.Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

22.Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith

14

v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

23. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

24. Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Accord, In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

25. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975).

26. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Accord, McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

27. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir.

1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007).

28. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010).

29. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007). Accord, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).

30. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 FRD 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

31. Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

32. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010).

33. Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (E.D. Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, East v. Barnhart, 377 F.Supp. 2d 1170 (MD Alabama 2003); United States v. Orenic, 110 F.R.D. 584 (W.D. Va. 1986); Bishop v. West American Insurance Co., 95 F.R.D. 494 (N.D.Ga. 1982).

34. McGuigan v. CAE Link Corp., 155 F.R.D. 31 (N.D.N.Y. 1994); Bishop v. West American Insurance Co., 95 F.R.D. 494 (N.D.Ga. 1982).

35. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538

F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

36. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

37. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

38. Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

39. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v.

County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

40.Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (ED Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004). Accord, Long v. Howard University, 561 F.Supp.2d 85 (D.D.C. 2008); Shared Medical System v. Ashford Presbyterian Community Hospital, 212 F.R.D. 50 (D.P.R. 2002); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

41.Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004). Accord, Shared Medical System v. Ashford Presbyterian Community Hospital, 212 F.R.D. 50 (D.P.R. 2002); Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499 (D. Kansas 1994); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

42.Movitz v. First National Bank of Chicago, 982 F.Supp. 571 (ND Ill 1997).

43.Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004).

44.Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

45.Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

46.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v.

United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

47.Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).


48.In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

49.In Re: Kulicke & Soffa Industries, Inc. Securities Litigation, 747 F.Supp. 1136 (ED Pa. 1990) aff'd 944 F.2d 897 (3rd Cir. 1991); Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004); Nugget Distributors Cooperative v. Mr. Nugget, Inc., 145 F.R.D. 54 (ED Pa. 1992). Accord, McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

50.BDT Products, Inc. v. Lexmark International, Inc., 405 F.3d 415 (6th Cir. 2005); Tilton v. Capital Cities/ABC Inc., 115 F.3d 1471 (10th Cir. 1997); Morrison v. Reichhold Chems., 97 F.3d 460 (11th Cir. 1996); Commercial Credit Equipment Corp. v. Stamps, 920 F.2d 1361 (7th Cir. 1990); Rio Props v. Stewart Annoyances, Ltd., 420 F.Supp. 2d 1127 (D. Nevada 2006); United International Holdings v. Wharf, Ltd., 174 F.R.D. 479 (D. Colo. 1997); Garonzik v. Whitman Diner, 910 F.Supp 167 (D.N.J. 1995); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994); Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kansas 1993); Deaton v. Dreis & Krump Mfg. Co. (ND Ohio 1991).

51.Garonzik v. Whitman Diner, 910 F.Supp. 167 (D.N.J. 1995).

52.Although 28 U.S.C. §1920 does limit the payment of fees to an expert witness, 28 U.S.C. §1920 does not contain a limit on the payment of fees to a court reporter in connection to the testimony of an expert witness.

53.In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Montgomery County v. Microvote Corp., 2004 WL 1087196 (E.D.Pa 2004). Accord, Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994).

54.Montgomery County v. Microvote Corp., 2004 WL 1087196 (E.D.Pa. 2004). Accord, Weeks v. Samsung Heavy Industries, 126 F.3d1997); Karsian v. Inter Regional Financial Group, Inc., 13 F.Supp.2d 1085 (D. Colorado 1998); Movitz v. First National Bank of Chicago, 982 F.Supp. 571 (ND Ill. 1997); Marcoin, Inc. v. Edwin K. Williams & Co., Inc., 88 FRD 588 (E.D.Va. 1980); Electronic Specialty Co. v. International Controls Corp., 47 FRD 158 (SDNY 1969).

55.Morrissey v. County Tower Corp., 568 F.Supp. 980 (ED Mo. 1983).

56.Reger v. The Nemours Foundation, 599 F.3d 285 (3d. Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

57.Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

58.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v.

Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

59.Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).


60.In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

61.In Re: Kulicke & Soffa Industries, Inc. Securities Litigation, 747 F.Supp. 1136 (ED Pa. 1990) aff'd 944 F.2d 897 (3rd Cir. 1991).

62.Sullivan v. Cheshire, 991 F.Supp. 999 (ND Ill. 1998).

63.In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991).

64.In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991).

65.Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190 (10th Cir. 2000); Stearns Airport Equipment Co., Inc. v. FMC Corporation, 170 F.3d 518 (5th Cir. 1999); Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445 (7th Cir. 1998); Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc., 246 F.R.D. 154 (WDNY 2007); Yasui v. Maui Electric Company, 78 F.Supp.2d 1124 (D. Hawaii 1999).

66.LaVay Corporation v. Dominion Federal Savings and Loan, 830 F.2d 522 (4th Cir. 1987).

67.Neumann v. Reinforced Earth Company, 109 FRD 698 (DDC 1986).

68.In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525

F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

69. Smith v. Tenet Healthsystems SL, Inc., 436 F.3d 879 (8th Cir. 2006).

70. Helms v. WalMart Stores, Inc., 808 F.Supp. 1568 (ND Ga. 1992), aff'd 998 F.2d 1023 (11th Cir. 1993); Haagen-Dazs Co. v. Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587 (9th Cir. 1990); Rodriguez-Garcia v. Davila, 904 F.2d 90 (1st Cir. 1990); Allen v. United States Steel Corp., 665 F.2d 689 (5th Cir. 1982); McGuigan v. CAE Link Corp., 155 FRD 31 (NDNY 1994); Nelson v. Darragh Co., 120 FRD 517 (WD Ark. 1988); Meadows v. Ford Motor Co., 62 FRD 98 (WD Ky. 1973); Gillam v. A. Shyman, Inc., 31 FRD 271 (D. Alaska 1962).

71. Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004); McGuigan v. CAE Link Corp., 155 FRD 31 (NDNY 1994).


72. Race Tires America, Inc. v. Hoosier Racing Tire Corp., 2012 WL 887593 (3d Cir. March 16, 2012).

73. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

74. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

75. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

76. Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).


77. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

78. Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).

79. Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).

80. Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).

81. Haroco, Inc. v. American National Bank and Trust Company of Chicago, 38 F.3d 1429 (7th Cir. 1994); Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).